1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    M.M.,                                      No. 1:26-cv-00813-DC-AC (HC)

12                      Petitioner,

13          v.                                    ORDER GRANTING PETITIONER'S
                                                  MOTION TO PROCEED UNDER
14    PAMELA BONDI, et al.,                       PSEUDONYM AND GRANTING IN PART
                                                  PETITIONER'S MOTION FOR A
15                      Respondents.              TEMPORARY RESTRAINING ORDER

16                                                (Doc. Nos. 2, 3)

17
            This matter is before the court on Petitioner M.M.'s motion for a temporary restraining
18
      order (Doc. No. 3), filed in conjunction with his petition for a writ of habeas corpus brought
19
      under 28 U.S.C. § 2241, challenging his ongoing immigration detention.[1] (Doc. No. 1.) For the
20
      reasons explained below, the court will grant in part Petitioner's motion for a temporary
21
      restraining order.
22
      /////
23

24    _____

      [1] Petitioner also filed a motion to proceed under a pseudonym. (Doc. No. 2.) Respondents did not
25    file an opposition to that motion. Having considered the unopposed motion to proceed under
      pseudonym, the court finds that Petitioner has adequately alleged the sensitive and highly
26    personal nature of the facts at issue in his petition. Further, the prejudice to Respondents appears
      to be minimal, and the public's interest in open judicial proceedings is not meaningfully impaired
27    by permitting Petitioner to proceed under a pseudonym. Accordingly, the court will grant
      Petitioner's motion. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th
28    Cir. 2000).

                                                      1

**BACKGROUND**

**A.    Factual Background**

Petitioner M.M. is a native and citizen of Iran who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") in the California City Detention Center in California City, California. (Doc. No. 1 at ¶¶ 6, 15.) Petitioner fled Iran due to his political activities and religious beliefs. (*Id.* at ¶ 21.) Petitioner entered the United States on September 6, 2024, and was immediately detained by U.S. immigration authorities. (*Id.* at ¶ 22.) Petitioner expressed a fear of returning to Iran upon his detention. (*Id.*) The U.S. Department of Homeland Security ("DHS") initially processed Petitioner for expedited removal pursuant to 8 U.S.C. § 1225(b)(1). (*Id.*) However, shortly thereafter Petitioner was issued a notice to appear that vacated his expedited removal pursuant to 8 C.F.R. § 208.30 and charged him as removable in violation of 8 U.S.C. § 1182(a)(7(A)(i)(I).[2] (*Id.* at ¶ 24.)

Petitioner has been in ICE custody for approximately sixteen months since his initial detention. (*Id.* at ¶ 28.) Petitioner has not been provided a bond or custody evaluation hearing during this time. (*Id.*) On January 16, 2026, Petitioner requested a bond hearing, but the immigration judge denied that request and stated he did not have jurisdiction to consider Petitioner's request. (Doc. No. 9-1 at 2.) Further, Petitioner's immigration court proceedings relating to his asylum claim have been repeatedly continued despite Petitioner's counsel's attempts to expedite the process. (*Id.* at ¶ 27.) Petitioner's next hearing in immigration court is scheduled for April 2026. (*Id.*) Petitioner alleges that he has been subjected to inhumane conditions during his confinement at the California City Detention Center. (*Id.* at ¶ 30.)

**B.    Procedural Background**

On January 30, 2026, Petitioner filed his habeas petition asserting the following claims against Respondents Sergio Albarran, Todd Lyons, Kristi Noem, Pamela Bondi, and Christopher Warden: (1) violation of the Fifth Amendment Due Process Clause in relation to Petitioner's prolonged detention; and (2) violation of the Immigration and Nationality Act ("INA") in relation

---

[2] Both parties reference Petitioner's DHS documents but do not attach the referenced documents to their filings for the court's review.

1    to Petitioner's detention without the opportunity for a bond hearing pursuant to 8 U.S.C. §

2    1225(b)(1). (Doc. No. 1 at 21–22.) In his Petition, Petitioner seeks an order requiring his

3    immediate release and awarding him attorneys' fees and costs pursuant to the Equal Access to

4    Justice Act. (*Id.* at 22–23.)

5           On that same day, Petitioner filed the pending motion to proceed under pseudonym (Doc.

6    No. 2) and motion for a temporary restraining order in which he argues that his continued

7    detention violates his Constitutional right to due process and is in violation of the INA. (Doc. No.

8    3 at 13–17.) Petitioner seeks the same relief in his motion for a temporary restraining order as in

9    his habeas petition. (*Id.* at 20.)

10          The court issued a minute order setting a briefing schedule, and directing Respondents to

11   address whether Petitioner's claim is materially distinguishable from other similar cases decided

12   by this court in the past, including *Selis Tinoco v. Noem,* No. 1:25-cv-01762-DC-JDP, 2025 WL

13   3567862 (E.D. Cal. Dec. 14, 2025), *Labrador-Prato v. Noem,* No. 1:25-cv-01598-DC-SCR, 2025

14   WL 3458802 (E.D. Cal. Dec. 2, 2025), and *D.L.C. v. Wofford,* No. 1:25-cv-01996-DC-JDP, 2026

15   WL 25511 (E.D. Cal. Jan. 5, 2026). (Doc. No. 6.) The court also directed the parties to indicate

16   whether they objected to the court ruling directly on the merits of Petitioner's habeas petition

17   together with his motion for a temporary restraining order.[3] (*Id.*)

18          On February 4, 2026, Petitioner filed a status report indicating that his request for release

19   on bond had been denied on jurisdictional grounds. (Doc. No. 9.)

20          On February 9, 2026, Respondents filed an untimely opposition[4] to Petitioner's motion for

21   a temporary restraining order in which they argue that Petitioner is subject to mandatory detention

22   as an applicant for admission pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 11 at 2–3.)

23          On February 17, 2026, Petitioner filed a reply in which he argues that "even assuming §

24

25   [3] Because the court will grant Petitioner's motion for a temporary restraining order but provide
     relief only in the form of requiring Respondents to provide Petitioner a bond hearing—not to
26   immediately release Petitioner, which is the ultimate relief sought by Petitioner in his habeas
     petition—the court will not rule on the petition in this order.

27
     [4] Because the untimely filing of Respondents' opposition did not materially prejudice Petitioner,
28   the court will consider the opposition.

1  1225 applies," Petitioner's immigration detention has become unconstitutionally prolonged. (Doc.

2  No. 14 at 3.)

3  **LEGAL STANDARD**

4  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

5  showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555

6  U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary

7  restraining order is "substantially identical" to the standard for issuing a preliminary injunction.

8  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To

9  obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on

10  the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary

11  relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction

12  is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is

13  the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th

14  Cir. 2017).

15  A party seeking injunctive relief must make a showing on all four prongs of the *Winter*

16  factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th

17  Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction

18  is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a

19  clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968,

20  972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and

21  exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle*

22  *& Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024);

23  *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues

24  "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los*

25  *Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

26  **DISCUSSION**

27  A.    **Likelihood of Success on the Merits**

28  Petitioner contends that, "even if § 1225 is the operative detention authority, the

4

1  Constitution prohibits Petitioner's prolonged civil detention without an individualized custody

2  /////

3  hearing providing basic procedural protections." [5] (Doc. No. 14 at 2.) Specifically, Petitioner

4  argues that his sixteen-month "[p]rolonged civil detention without individualized review violates

5  the Due Process Clause." (Doc. No. 3 at 13.)

6  In their opposition, Respondents argue that Petitioner is subject to mandatory detention

7  under § 1225, and that he is not entitled to any bond hearing under that statute. (Doc. No. 11 at 2.)

8  Petitioner's due process claim, however, is not predicated on his statutory right to a bond hearing,

9  but on his constitutional right against indefinite immigration detention.

10  Both the Ninth Circuit and Supreme Court have expressed reservations as to whether a

11  noncitizen may be detained for an unreasonably prolonged period, even where they are detained

12

13  _____

[5] Petitioner also contends that his ongoing immigration detention is in violation of the INA

14  because the applicable statute authorizing his detention is 8 U.S.C. § 1226(a)(2), under which he
   is statutorily entitled to a bond hearing. (Doc. No. 3 at 15–16.) Petitioner concedes that upon his

15  initial detention, he was placed in expedited removal proceedings and was therefore subject to
   mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 16.) However, Petitioner argues that

16  when DHS issued the notice to appear vacating his expedited removal proceedings and placing
   him in removal proceedings under 8 U.S.C. § 1229a, mandatory detention under § 1225(b) was

17  made inapplicable. (*Id.*) Petitioner's argument ignores that § 1225(b)(2)(A) provides that when an
   "examining immigration officer determines that an alien seeking admission is not clearly and

18  beyond a doubt entitled to be admitted, the alien *shall be detained for a proceeding under section
   1229a of this title.*" 8 U.S.C. § 1225(b)(2)(A). Petitioner correctly notes that this court, as well as

19  many others across the nation, have found that under a recently adopted policy, DHS has
   misapplied § 1225(b)(2)'s mandatory detention to noncitizens already present in the United

20  States. (Doc. No. 3 at 16.) However, in those cases the courts have emphasized that the subject
   noncitizens are no longer applicants for admission because of their time spent living freely in the

21  United States and are therefore not subject to mandatory detention. *See, e.g., Morillo v. Albarran*,
   No. 25-cv-01533-DJC-AC, 2025 WL 3190899, at *4 (E.D. Cal. Nov. 15, 2025) ("As Petitioner

22  has been present in the United States for 19 years . . . he is likely to succeed on the merits of his
   claim that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision.");

23  *Bernardo Aquino v. Larose*, No. 25-cv-02904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal.
   Nov. 12, 2025) ("The overwhelming majority of courts to address the issue have agreed that

24  Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies
   to a noncitizen . . . who has resided in the United States for many years.") (citing cases).

25  Petitioner does not cite any cases where, as here, the noncitizen is found not to be an applicant for
   admission subject to mandatory detention where he has been detained since his entry into the

26  United States. Accordingly, Petitioner is not likely to succeed on the merits of his claim that his

27  continued detention violates the INA.

28

1    pursuant to a statute requiring their mandatory detention. *See Rodriguez v. Marin (Rodriguez III)*,

2    909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for

3    arbitrary prolonged detention without any process is constitutional or that those who founded our

4    democracy precisely to protect against the government's arbitrary deprivation of liberty would

5    have thought so."); *Demore v. Kim*, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring) ("[S]ince

6    the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident

7    alien such as respondent could be entitled to an individualized determination as to his risk of

8    flight and dangerousness if the continued detention became unreasonable or unjustified."). While

9    neither the Ninth Circuit nor the Supreme Court have endorsed a bright-line rule for when a

10    noncitizen's detention becomes constitutionally impermissible, "[n]early all district courts that

11    have considered the issue agree that prolonged mandatory detention pending removal

12    proceedings, without a bond hearing, will—at some point—violate the right to due process."

13    *Toktosunov v. Wamsley*, No. 2:25-cv-01724-TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5,

14    2025) (quoting *Maliwat v. Scott*, No. 25-cv-00788-TMC, 2025 WL 2256711, at *3 (W.D. Wash.

15    Aug. 7, 2025)).

16          Thus, the court must determine whether Petitioner's sixteen-month detention pending his

17    removal proceedings has become unconstitutionally prolonged. In so determining, the court must

18    answer two questions: (1) "whether there exists a protected liberty interest under the Due Process

19    Clause," and (2) "the procedures necessary to ensure any deprivation of that protected liberty

20    interest accords with the Constitution." *Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-

21    00188-DJC-CSK, 2026 WL 192368 at *2 (E.D. Cal. Jan. 26, 2026) (citing *Garcia v. Andrews*,

22    No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025)).

23          As to the first question, noncitizens maintain a well-established liberty interest in their

24    freedom from detention. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioner has been

25    continuously detained by ICE since he crossed the U.S. border in September 2024. (Doc. No. 1 at

26    ¶ 22.) Further, because Petitioner has asserted a credible fear of removal to Iran, he is no longer in

27    expedited removal proceedings. (*Id.*) The immigration court has repeatedly continued his removal

28    proceedings over Petitioner's objections. (*Id.* at ¶ 27.) Thus, it is uncertain when Petitioner will be

removed or released from immigration detention. As Petitioner has been deprived of his constitutional right to liberty, and as there is no indication that Petitioner's liberty will be secured pursuant to the protections provided to him in the INA, Petitioner has an established liberty interest. *See Zadvydas*, 533 U.S. 690, 693.

As to the second question, courts within this district have employed a variety of tests to determine what process is required to ensure a noncitizen's continued detention accords with the constitution. *See, e.g., Mohammed*, 2026 WL at *3 (employing the three-factor test laid out by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1111-12 (W.D. Wash. 2019) (conducting a case specific analysis that considers "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("To determine whether § 1226(c) detention has become unreasonable, the Court will look to the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government."). Here, the court will adopt the three-factor *Mathews* analysis because the Ninth Circuit has identified that analysis as "a flexible test that can and must account for the heightened governmental interest in the immigration detention context," *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022), and because the factors established in *Banda* and *Lopez* will be incorporated into the court's *Mathews* analysis.

The *Mathews* analysis "generally requires consideration of thee distinct factors" to determine the specific dictates of due process. *Rodriguez*, 53 F.4th at 1207 (citing *Mathews*, 424 U.S. at 334–35. Those factors are:

> *First*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

7

*Id.* Here, Petitioner has a substantial private interest in being provided with a procedure by which he can argue for his release pending removal proceedings. Petitioner has been detained for over sixteen months and has not been provided with the opportunity to argue for his release during that period. (Doc. No. 1 at ¶ 28.) Nor does it seem likely that Petitioner will be afforded that opportunity given that Respondents maintain the Petitioner is subject to mandatory detention and is not entitled to such an opportunity. (Doc. No. 11 at 2.) Further, Petitioner's removal proceedings have been repeatedly continued despite Petitioner's objections. (Doc. No. 1 at ¶ 27.) Moreover, courts within this district have found that immigration detainees subject to similar, or less extensive, periods of detention are entitled to a bond hearing on due process grounds. *See, e.g., Mohammed*, 2026 WL 192368 at *3 (finding detention of seventeen months unreasonably prolonged); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. Sep. 29, 2022) (same as to twelve-month detention). Thus, the first factor weighs heavily in Petitioner's favor.

The second factor, the risk of an erroneous deprivation of Petitioner's liberty interest, also weighs heavily in Petitioner's favor. Civil immigration detention is "nonpunitive in purpose and effect," and is not justified where a petitioner is not a flight risk or a danger to the community. *Zadvydas*, 533 U.S. at 690. Respondents do not identify any fact that would indicate that Petitioner is either a flight risk or a danger to his community, nor do they indicate any procedure exists by which Petitioner could show that he is neither a flight risk nor danger in the normal course of his detention. In the absence of a bond hearing, Petitioner has no procedure to make this showing of erroneous deprivation while his removal proceedings are pending. (Doc. No. 1 at ¶ 28.) Therefore, the second factor also weighs heavily in Petitioner's favor.

Finally, Respondents' interest in Petitioner's continued detention without a bond hearing is low. As noted above, the only permissible reason for Petitioner's continued detention is his risk of flight or danger to the community. *Zadvydas*, 533 U.S. at 690; *see also Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). Respondents do not provide any argument as to why providing

8

Petitioner with a bond hearing would be particularly burdensome, or why Petitioner's continued detention is necessary. Accordingly, the third factor also weighs heavily in Petitioner's favor.

Because all three *Mathews* factors weigh heavily in Petitioner's favor, the court finds that there is a substantial likelihood that Petitioner will succeed on the merits of his claim that he is constitutionally entitled to a bond hearing.

**B.    Irreparable Harm**

A party seeking preliminary injunctive relief must make a "clear showing" of a likelihood of irreparable harm in the absence of the relief requested. *Winter*, 555 U.S. at 22. The "Ninth Circuit has recognized the 'irreparable harms imposed on anyone subject to immigration detention' including 'subpar medical and psychiatric care in ICE facilities.'" *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1992771, at *3 (E.D. Cal. July 16, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017)).

Further, Petitioner is likely to succeed on the merits of his claim that his detention constitutes an ongoing violation of his constitutional right to due process, which alone is sufficient to demonstrate irreparable harm. *Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008) (*rev'd on other grounds,* 562 U.S. 134 (2011)) ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm.").

Respondents do not address the issue of irreparable harm in their opposition. Having considered the irreparable harm identified by Petitioner, the court finds the second *Winter* factor weighs in favor of granting Petitioner's request for injunctive relief, specifically Petitioner's request that he be provided a bond hearing.

**C.    Balance of Equities and Public Interest**

The court now turns to the last two *Winter* factors. The balance of equities and public interest analyses merge when the government is the opposing party, as is the case here. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

Despite any interest the government may have in promptly executing removal orders, "our

9

1   system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Ala. Ass'n of*

2   *Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021) (citing *Youngstown Sheet &*

3   *Tube Co. v. Sawyer*, 343 U.S. 579, 582 (1952)). Further, that Petitioner has shown a likelihood of

4   success on the merits tips the public interest further in his favor. *Riley's Am. Heritage Farms v.*

5   *Elasser*, 32 F.4th 707, 731 (9th Cir. 2022).

6       Therefore, the third and fourth *Winter* factors also weigh in favor of granting Petitioner's

7   request for injunctive relief. Because all four *Winter* factors weigh in Petitioner's favor, the court

8   finds that injunctive relief is warranted and will grant in part Petitioner's motion for a temporary

9   restraining order.

10  **D.    Bond**

11      Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief

12  "only if the movant gives security in an amount that the court considers proper to pay the costs

13  and damages sustained by any party found to have been wrongfully enjoined or restrained."

14  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Fed. R. Civ. P. 65(c)).

15  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion

16  as to the amount of security required, if any.'" *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906,

17  919 (9th Cir. 2003)). "In particular, '[t]he district court may dispense with the filing of a bond

18  when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or

19  her conduct.'" *Johnson*, 572 F.3d at 1086 (quoting *Jorgensen*, 320 F.3d at 919). Petitioner argues

20  that the court should waive bond because "Respondents will suffer no monetary harm from

21  compliance with this TRO." (Doc. No. 3 at 19.) Respondents do not address bond in their

22  opposition.

23      The court finds that no security is required here. Courts regularly waive security in cases

24  like this one. *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Lepe v. Andrews*, No. 25-cv-

25  01163-KES-SKO, 2025 WL 2716910, at *10 (E.D. Cal. Sep. 23, 2025); *Pinchi v. Noem*, No. 25-

26  cv-05632- RMI-RFL, 2025 WL 1853763, at *4 (N.D. Cal. Jul. 4, 2025).

27                          **CONCLUSION**

28      For the reasons explained above,

1.     Petitioner M.M.'s motion to proceed under pseudonym (Doc. No. 2) is GRANTED;

2.     Petitioner M.M.'s motion for a temporary restraining order is GRANTED IN PART, as follows:

    a.     Respondents shall, within fourteen (14) days of issuance of this order, provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence;[6] and

    b.     Petitioner's request for immediate release is denied;

3.     This matter is referred to the assigned magistrate judge for further proceedings.


IT IS SO ORDERED.

Dated:   __March 3, 2026__

Dena Coggins
United States District Judge

---

[6] Petitioner argues that where a bond hearing is constitutionally required, the applicable burden of proof is for the government to show by clear and convincing evidence that the petitioner's continued detention is justified. (Doc. No. 1 at ¶¶ 43-45.) Respondents do not address the applicable burden in their opposition. Other courts within this district have found that where a bond hearing is constitutionally required, the burden is properly shifted to the government. *See, e.g., Mohammed*, 2026 WL 192368, at *5; *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13-*14 (E.D. Cal. Aug. 28, 2025).

11